UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JAMES REYNOLDS,<br><br>               Petitioner,<br><br>    v.<br><br>JEANNE WOODFORD,<br><br>               Respondent. | 1:06-CV-0140 OWW JMD HC<br><br>FINDINGS AND RECOMMENDATION REGARDING PETITION FOR WRIT OF HABEAS CORPUS<br><br>ORDER DIRECTING CLERK OF COURT TO CHANGE NAME OF RESPONDENT |

      Petitioner is a state prisoner proceeding pro se with a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254.

**BACKGROUND**

      Petitioner is currently in the custody of the California Department of Corrections pursuant to a judgment of the Orange County Superior Court. (Answer at 2; Ex. 1.) He is serving a sentence of eighteen years and four months following his conviction for attempted murder, mayhem, battery on a peace officer, assault on a peace officer, and an enhancement for inflicting great bodily injury in the commission of a felony. (Answer at 2; Ex. 1.) Petitioner does not challenge the validity of his conviction, but instead challenges disciplinary action taken against him in 2004 at California State Prison, Corcoran.

      On July 16, 2004, an incident occurred resulting in Petitioner being charged with battery on a peace officer. (Answer at 2.) On August 18, 2004, a hearing was conducted to adjudicate the charge

1  against Petitioner. Petitioner was found guilty. (Answer at 3-4.)

2    Petitioner filed an administrative appeal challenging the result of the hearing. The
3  administrative appeal was denied. Petitioner then filed for director's level review, which was also
4  denied. (Answer at 4; Petition, Ex. A-1.)

5    Petitioner filed a petition for writ of habeas corpus in the Kings County Superior Court. The
6  court denied the petition in a reasoned opinion. (Answer at 4; Ex. 4.)

7    Petitioner filed a petition for writ of habeas corpus in the California Court of Appeal. The
8  court summarily denied the petition. (Answer at 4; Ex. 5.)

9    Petitioner filed a petition for writ of habeas corpus in the California Supreme Court. The
10 court summarily denied the petition. (Answer at 5; Ex. 6.)

11   On January 13, 2006, Petitioner filed the instant petition in this Court. The petition raises the
12 following three grounds for relief: 1) Petitioner's right to staff assistance was violated when the
13 senior hearing officer did not allow the investigative employee assigned to Petitioner's case to ask
14 certain questions to witnesses; 2) Petitioner was denied a fair and impartial disciplinary hearing
15 because the senior hearing officer had a predetermined belief in his guilt; and 3) Petitioner was
16 denied a fair and impartial disciplinary process because the senior hearing officer did not submit
17 Petitioner's two-page statement to the chief disciplinary officer for final review and authorization.

18   On May 11, 2007, Respondent filed an answer to the petition.

19                    **FACTUAL BACKGROUND**

20   On July 16, 2004, an incident occurred resulting in Petitioner being charged with battery on a
21 peace officer. (Answer at 2.) The Rules Violation Report prepared after the incident stated that
22 Correctional Officer Landry was collecting breakfast trays when Petitioner asked him if he had told
23 the sergeant Petitioner wished to speak with him. (Answer at 2; Ex. 2 at 1.) Petitioner began
24 shouting obscenities and insults after Landry told him that he would eventually have the opportunity
25 to speak to the sergeant. (Answer at 2; Ex. 2 at 1.) Petitioner initially calmed down when asked to
26 do so, but then began shouting again and kicking his cell door. (Answer at 2; Ex. 2 at 1, 21.) Landry
27 then asked for Petitioner's cell to be opened and told Petitioner to sit on the lower bunk. (Answer at
28 2; Ex. 2 at 1, 7, 17.) Petitioner yelled, "Fuck that, I don't need to sit on no bunk," and he threw a

punch at Landry.  (Answer at 2; Ex. 2 at 7, 17.)  Landry then pushed Petitioner onto the lower bunk and Petitioner began kicking him below the waist with both feet, causing Landry to slam up against the lower lockers in the cell.  (Answer at 2; Ex. 2 at 7, 17.)  Correctional Officer Casby attempted to spray Petitioner with pepper spray, but missed.  (Answer at 2; Ex. 2 at 7, 17, 22.)  Landry then retrieved his own pepper spray and sprayed Petitioner, ending the assault.  (Answer at 2; Ex. 2 at 7, 17, 22.)

Landry prepared the Rules Violation Report, which was reviewed by Sergeant Kehoe. (Answer at 3; Ex. 2 at 1.)  On July 22, 2004, the Report was classified as serious and referred to the senior hearing officer.  (Answer at 3.)

Prior to the hearing, an investigative employee prepared a report of the incident.  (Answer at 3; Ex. 2 at 1.)  The investigative employee took Landry's statement and interviewed five inmate witnesses who stated that Petitioner only asked to speak with the sergeant and that he did not try to hit Landry.  (Answer at 3; Ex. 2 at 4-6.)  Petitioner submitted to the investigative employee a list of questions he wished to have asked to witnesses.  The investigative employee submitted the questions to the senior hearing officer.  (Answer at 3; Ex. 2 at 4.)  Petitioner also submitted a two-page statement for consideration.  (Answer at 3; Ex. 2 at 2-3.)

The senior hearing officer adjudicated the charge against Petitioner on August 18, 2004. (Answer at 3.)

**DISCUSSION**

**I. Jurisdiction**

Relief by way of a petition for writ of habeas corpus extends to a person in custody pursuant to the judgment of a state court if the custody is in violation of the Constitution or laws or treaties of the United States.  28 U.S.C. § 2254(a); 28 U.S.C. § 2241(c)(3); Williams v. Taylor, 529 U.S. 362, 375 n.7 (2000).  Petitioner asserts that he suffered violations of his rights as guaranteed by the U.S. Constitution.  In addition, Petitioner is confined at California State Prison, Sacramento, which is located within the jurisdiction of this court.  28 U.S.C. § 2254(a); 28 U.S.C. § 2241(d).  Accordingly, the Court has jurisdiction over the action.

On April 24, 1996, Congress enacted the Antiterrorism and Effective Death Penalty Act of

1996 ("AEDPA"), which applies to all petitions for writ of habeas corpus filed after its enactment. Lindh v. Murphy, 521 U.S. 320 (1997); Jeffries v. Wood, 114 F.3d 1484, 1499 (9th Cir. 1997), *quoting* Drinkard v. Johnson, 97 F.3d 751, 769 (5th Cir. 1996), *cert. denied,* 520 U.S. 1107 (1997), *overruled on other grounds by* Lindh v. Murphy, 521 U.S. 320 (1997) (holding AEDPA only applicable to cases filed after statute's enactment).  The instant petition was filed after the enactment of the AEDPA; thus, it is governed by its provisions.

## II.  Legal Standard of Review

This Court may entertain a petition for writ of habeas corpus "in behalf of a person in custody pursuant to the judgment of a State court only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States."  28 U.S.C. § 2254(a).

The instant petition is reviewed under the provisions of the Antiterrorism and Effective Death Penalty Act which became effective on April 24, 1996.  Lockyer v. Andrade, 538 U.S. 63, 70 (2003). Under the AEDPA, an application for habeas corpus will not be granted unless the adjudication of the claim "resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States" or "resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State Court proceeding."  28 U.S.C. § 2254(d); see Lockyer, 538 U.S. at 70-71; see Williams, 529 U.S. at 413.

As a threshold matter, this Court must "first decide what constitutes 'clearly established Federal law, as determined by the Supreme Court of the United States.'"  Lockyer, 538 U.S. at 71, *quoting* 28 U.S.C. § 2254(d)(1).  In ascertaining what is "clearly established Federal law," this Court must look to the "holdings, as opposed to the dicta, of [the Supreme Court's] decisions as of the time of the relevant state-court decision."  Id., *quoting* Williams, 592 U.S. at 412.  "In other words, 'clearly established Federal law' under § 2254(d)(1) is the governing legal principle or principles set forth by the Supreme Court at the time the state court renders its decision."  Id.

Finally, this Court must consider whether the state court's decision was "contrary to, or involved an unreasonable application of, clearly established Federal law."  Lockyer, 538 U.S. at 72, *quoting* 28 U.S.C. § 2254(d)(1).  "Under the 'contrary to' clause, a federal habeas court may grant

the writ if the state court arrives at a conclusion opposite to that reached by [the Supreme] Court on a question of law or if the state court decides a case differently than [the] Court has on a set of materially indistinguishable facts." Williams, 529 U.S. at 413; see also Lockyer, 538 U.S. at 72. "Under the 'reasonable application clause,' a federal habeas court may grant the writ if the state court identifies the correct governing legal principle from [the] Court's decisions but unreasonably applies that principle to the facts of the prisoner's case." Williams, 529 U.S. at 413.

"[A] federal court may not issue the writ simply because the court concludes in its independent judgment that the relevant state court decision applied clearly established federal law erroneously or incorrectly. Rather, that application must also be unreasonable." Id. at 411. A federal habeas court making the "unreasonable application" inquiry should ask whether the state court's application of clearly established federal law was "objectively unreasonable." Id. at 409.

Petitioner has the burden of establishing that the decision of the state court is contrary to or involved an unreasonable application of United States Supreme Court precedent. Baylor v. Estelle, 94 F.3d 1321, 1325 (9th Cir. 1996). Although only Supreme Court law is binding on the states, Ninth Circuit precedent remains relevant persuasive authority in determining whether a state court decision is objectively unreasonable. See Duhaime v. Ducharme, 200 F.3d 597, 600-01 (9th Cir. 1999).

AEDPA requires that we give considerable deference to state court decisions. The state court's factual findings are presumed correct, 28 U.S.C. § 2254(e)(1), and we are bound by a state's interpretation of its own laws. Souch v. Schaivo, 289 F.3d 616, 621 (9th Cir. 2002), *cert. denied*, 537 U.S. 859 (2002), *rehearing denied*, 537 U.S. 1149 (2003).

**III.  Review of Petitioner's Claims**

**A.  Ground One**

Petitioner argues that his right to staff assistance was violated when the senior hearing officer did not allow the investigative employee to ask certain questions to witnesses as requested by Petitioner.

This claim was presented in a petition for writ of habeas corpus to the Kings County Superior Court, which denied the petition in a reasoned opinion. (Answer, Ex. 4.) The issue was then raised

in petitions for writ of habeas corpus to the California Court of Appeal and California Supreme Court, which summarily denied the petitions. (Answer, Exs. 5-6.)

In rejecting Petitioner's claim, the Superior Court found that the hearing examiner properly exercised discretion in disallowing the questions requested by Petitioner. The court explained that the disputed questions were irrelevant, cumulative, argumentative, or called for inadmissible opinion testimony. (Answer, Ex. 4 at 1.)

An inmate facing disciplinary proceedings has a limited right to call witnesses and present documentary evidence in his defense. Wolff v. McDonnell, 418 U.S. 539, 566 (1974). Prison officials retain the discretion, however, to disallow the calling of witnesses and to limit the collection of documentary evidence for reasons such as irrelevance, lack of necessity, or the hazards presented in individual cases. Id. An inmate also has the right to obtain aid in the presentation of his case where he is illiterate or where the complexity of the issues involved makes it unlikely that he will be able to collect and present the necessary evidence. Id. at 570.

Here, Petitioner sought to have the investigative employee ask Officer Landry and other officers about the procedure Landry employed during the incident, the contents of Landry's report, and the damage to and functionality of various pepper spray cans. (Petition, Ex. E at 1-3.) Petitioner also sought to question various inmates about their recollection of the incident. (Id. at 4-8.)

The state court's determination that Petitioner's rights were not violated when the hearing officer disallowed his questions was not unreasonable, as the record shows that the information sought was cumulative and irrelevant. The information sought from Officer Landry regarding the actions he took during the incident and the contents of his report was already provided in his written reports of the incident. (*See* Answer, Ex. 2 at 7, 16-21.) The information sought regarding the damage to and functionality of the officers' pepper spray cans was not relevant to the issue of whether Petitioner committed a battery on Officer Landry. Further, the five inmates Petitioner sought to have questioned had already been interviewed by the investigative employee, with each stating that Officer Landry initiated the incident without provocation after Petitioner asked to speak with the sergeant. (Answer, Ex. 2 at 5-6.) The hearing officer considered the inmates' testimony, but found it to be unconvincing in comparison to statements by staff who also witnessed the incident.

(<u>Id.</u> at 2.)  Petitioner has not shown that any further questioning of the inmates would have provided additional relevant information.

### B.  Ground Two

Petitioner argues that he was denied a fair and impartial disciplinary hearing because the senior hearing officer had a predetermined belief in his guilt.  Petitioner claims that the hearing officer's bias against him was demonstrated when the officer did not allow the investigative employee to ask certain questions to witnesses as requested by Petitioner.

This claim was presented in a petition for writ of habeas corpus to the Kings County Superior Court, which denied the petition in a reasoned opinion. (Answer, Ex. 4.)  The issue was then raised in petitions for writ of habeas corpus to the California Court of Appeal and California Supreme Court, which summarily denied the petitions. (Answer, Exs. 5-6.)

In rejecting Petitioner's claim, the Superior Court found that there was no evidence that the hearing officer was biased against Petitioner. (Answer, Ex. 4 at 1.)

To satisfy the Due Process Clause, the decision maker at a prison disciplinary hearing must be impartial and must reach a decision on a non-arbitrary basis.  <u>Wolff v. McDonnell</u>, 418 U.S. 539, 570-71 (1974).

The state court's determination that Petitioner failed to show the hearing officer was biased against him was not unreasonable.  The only evidence presented by Petitioner in support of his claim is the fact that the hearing officer did not allow certain questions to be asked of witnesses.  As discussed above, however, the hearing officer's refusal to permit the questions only shows that he was attempting to exclude improper questions, not that he was biased against Petitioner.

### C.  Ground Three

Petitioner argues that he was denied a fair and impartial disciplinary process because the senior hearing officer did not submit Petitioner's two-page statement to the chief disciplinary officer for final review and authorization.

This claim was presented in a petition for writ of habeas corpus to the Kings County Superior Court, which denied the petition in a reasoned opinion. (Answer, Ex. 4.)  The issue was then raised in petitions for writ of habeas corpus to the California Court of Appeal and California Supreme

1  Court, which summarily denied the petitions.  (Answer, Exs. 5-6.)

2      The Superior Court, in rejecting Petitioner's claim, did not directly address his argument that
3  the two-page statement was not submitted to the chief disciplinary officer.

4      Respondent contends, however, that the senior hearing officer did attach the two-page
5  statement to the original Rules Violation Report that was placed in Petitioner's central file and
6  reviewed by the chief disciplinary officer.  (Answer at 5.)  Respondent has submitted a copy of the
7  Report showing that the two-page statement was provided to the chief disciplinary officer for review.
8  (Answer, Ex. 2 at 35-36.)  Petitioner's claim is therefore denied.

9  **D.  Proper Respondent**

10     Petitioner states that he is currently incarcerated at California State Prison, Sacramento.
11 (Petition at 1.)  Respondent states that the warden of that institution is James Walker.  (Answer at 1
12 n.1.)  Pursuant to Rule 25 of the Federal Rules of Civil Procedure, the Clerk will be directed to
13 substitute James Walker as Respondent in this matter.

14                   **RECOMMENDATION**

15     Accordingly, the Court RECOMMENDS that the petition for writ of habeas corpus be
16 DENIED WITH PREJUDICE and the Clerk of Court be DIRECTED to enter judgment for
17 Respondent.

18     This Findings and Recommendation is submitted to the Honorable Oliver W. Wanger, United
19 States District Court Judge, pursuant to the provisions of 28 U.S.C. § 636(b)(1)(B) and Rule 72-304
20 of the Local Rules of Practice for the United States District Court, Eastern District of California.
21 Within thirty (30) days after being served with a copy, any party may file written objections with the
22 court and serve a copy on all parties.  Such a document should be captioned "Objections to
23 Magistrate Judge's Findings and Recommendation."  Replies to the objections shall be served and
24 filed within ten (10) court days (plus three days if served by mail) after service of the objections.
25 The Court will then review the Magistrate Judge's ruling pursuant to 28 U.S.C. § 636(b)(1)(C).  The
26 parties are advised that failure to file objections within the specified time may waive the right to
27 appeal the District Court's order.  Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

28

**ORDER**

The Court HEREBY ORDERS that the Clerk of Court is DIRECTED to substitute James Walker as Respondent in this matter.

<u>IT IS SO ORDERED.</u>

**Dated:     August 20, 2008                    /s/ John M. Dixon**
9f4gk8                                      UNITED STATES MAGISTRATE JUDGE